IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **SANTIAGO MARQUEZ, A/K/A PABLO MARQUEZ,** on behalf of himself and all other plaintiffs known and unknown, | ) ) ) ) ) | FILED: AUGUST 18, 2008 08CV4679 |
| Plaintiff | ) **No.** 08 CV ) ) Honorable Judge ) ) Magistrate Judge ) | JUDGE KENDALL MAGISTRATE JUDGE ASHMAN |
| v. | ) ) | |
| **A.K.J. LANDSCAPING, AND KIM A. DRAYTON, INDIVIDUALLY** | ) *JURY DEMAND* ) ) | BER |
| Defendants | | |

### COMPLAINT

NOW COMES Plaintiff, **SANTIAGO MARQUEZ, A/K/A PABLO MARQUEZ,** on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, JOHN W. BILLHORN, AND VINCENT H. BECKMAN, III and for his Complaint against Defendants, **A.K.J. LANDSCAPING AND KIM A. DRAYTON, INDIVIDUALLY,** states as follows:

**I.    NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*., and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1 *et seq*.

**II.    JURISDICTION AND VENUE**

2.    Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367.  Venue lies in the Northern District of

Illinois in that Plaintiff is a resident of this district and Defendants are engaged in business in this district.

### III.   PARTIES

3. Defendants, **A.K.J. LANDSCAPING AND KIM A. DRAYTON, INDIVIDUALLY,** (hereinafter "Defendants") are engaged in the business of providing landscaping services. As such, Defendants' services qualify as an enterprise engaged in commerce as defined by the FLSA.  During all relevant times, Defendants were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff as well as the proposed class of employees and, therefore, were and is "employer" as defined under both the federal and state statutes relied upon herein.

4. Plaintiff, **SANTIAGO MARQUEZ, A/K/A PABLO MARQUEZ,** (hereinafter "the named Plaintiffs") and all other Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") are either present or past hourly employees of Defendants performing landscaping type duties.   As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all Plaintiffs similarly situated are and were engaged in commerce as defined by the FLSA.

### IV.   ALLEGATIONS

**Fair Labor Standards Act**

5. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is maintained by the named Plaintiff as an opt-in representative action, for and on behalf of themselves and other past and present hourly employees similarly situated, who have been or will in the future be damaged by Defendants' failure to comply with 29 U.S.C. §201 *et. seq.* and §251 *et. seq.*   Count II alleges that during Plaintiff's employment, Defendants failed to post the necessary notices in the workplace as required by 29 CFR 516.4 and that as a result, there exists an equitable "tolling" of the statue of limitation

otherwise applicable to Plaintiffs' claims. Count III alleges a willful violation of the FLSA and seeks an additional, third year of limitations. Count IV seeks liquidated damages under the Fair Labor Standards Act, Section 260. Plaintiff seeks to send Notice to all similarly situated hourly employees who have been denied proper overtime compensation, as required by 29 USC Section 201 *et. seq.,* and supporting case law.

### Illinois Minimum Wage Law

6. Pursuant to the Illinois Minimum Wage Law, 820 ILCS Section 105/1 *et seq.*, Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or after the date three (3) years prior to the filing of this action.

### Illinois Wage Payment and Collection Act

7. Pursuant to Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1 et seq., Count V of this action is brought by Plaintiff to recover unpaid back wages earned on or after the date five (5) years prior to the filing of this action

### V.    FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

8. The named Plaintiff, and all similarly situated members of the Plaintiff Class, were compensated as hourly employees for purposes of payroll compensation but during their employment were denied compensation for all hours worked.

9. At the beginning of each work day, Plaintiff and members of the Plaintiff class were not compensated for their travel time from the Defendants' facility to the job site, nor were they compensated for their travel from the job site back to the Defendants' facility at the end of each work day as reuiqred by the federal and state statues herein relied upon.

10. On various occasions, Plaintiffs and members of the Plaintiff class were also required to perform tasks throughout most or all of their designated meal break periods, but Defendants inadvertently deducted 30 minutes from their accrued work time each day.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-10. Paragraphs 1 through 10 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 10 of this Count I.

11. Pursuant to Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, and the Portal-to-Portal Act 29 U.S.C. §251 *et. seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this action.

12. Defendants have at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiff herein, at the rate of one and one-half times his regular hourly wage rate for hours worked over forty (40) in a work week, all as required by the F.L.S.A.

WHEREFORE, the named Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

　　(a)　　awarding back pay equal to the amount of all unpaid compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

　　(b)　　awarding prejudgment interest with respect to the total amount of unpaid compensation;

(c) awarding Plaintiffs reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-10. Paragraphs 1 through 10 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 10 of Count II.

11. The Code of Federal Regulations (29 CFR 516.4) requires, in pertinent part, that:

> "Every employer employing any employees subject to the Act's minimum wage provisions shall post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy. Any employer of employees to whom section 7 of the Act does not apply because an exemption of broad application to an establishment may alter or modify the poster with a legible notation to show that overtime provisions do not apply. For example: "Overtime Provisions Not Applicable To Taxicab Drivers (section 13(b)(17)."

12. Defendants failed to post the required Notice as set forth above and as a result, Plaintiff was prohibited from learning of their statutory rights as claimed herein until such time they sought and obtained legal counsel.

13. Plaintiffs' traditional statue of limitation under the statues relied upon herein should be "tolled" until the date upon which each otherwise learned of their statutory wage and hour rights.

WHEREFORE, the named Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint; additional years beyond the FLSA three (3) year statute of limitations, consistent with the proofs offered herein.

(b) awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and,

(c) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT III

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-10  Paragraphs 1 through 10 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 10 of Count III.

11. Defendants have, both in the past and presently, willfully failed to pay the named Plaintiff and members of the Plaintiff Class for work weeks in excess of forty (40) hours per week at a rate equal to one and one-half times their regular rate of pay, despite the fact that Defendants knew, or should have known, of the requirements of the Fair Labor Standards Act.

12. Defendants continue a pattern of deliberate, voluntary, intentional, and willful violation of the Fair Labor Standards Act.

13. Pursuant to the Fair Labor Standards Act, Plaintiff, and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) in any given week in the three (3) years preceding the filing of this complaint.

WHEREFORE, the named Plaintiff, on behalf of himself, and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

(a)  awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid compensation;

(c) awarding Plaintiffs reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT IV

## LIQUIDATED DAMAGES

## UNDER THE FAIR LABOR STANDARDS ACT

1-10. Paragraphs 1 through 10 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 10 of Count IV.

11. In denying the named Plaintiff and members of the Plaintiff Class compensation at a rate of one and one-half their hourly rate of pay for hours worked over forty (40) in a workweek, Defendants' acts were not based upon good faith or reasonable grounds.

12. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, the named Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiffs reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT V

## SUPPLEMENTAL STATE LAW CLAIM

## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-10. Paragraphs 1 through 10 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 10 of this Count V.

11. The Illinois Minimum Wage Law provides one and one half times their regular rate of pay must be paid to employees for work performed in excess of 40 hours in a workweek.

12. Defendants' failure to pay the overtime wages as described has been willful and/or in bad faith.

WHEREFORE, the named Plaintiff request this Court to enter an Order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

Plaintiff further requests that:

(c) this Court retain jurisdiction of the case until such time as it is assured that Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) this Court order Defendants' to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) this Court award whatever additional relief it deems just and appropriate under the circumstances.

## COUNT VI

## SUPPLEMENTAL STATE LAW CLAIM

## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1-10. Paragraphs 1 through 10 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 10 of this Count VI.

11. The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties, . . . .". Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses . . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties".

12. As part of the employment agreement between the parties herein, Defendants agreed they would pay compensation in compliance with state and federal regulations and laws.

13. The Illinois Wage Payment and Collection Act, Section 4 provides that "[A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages

9

were earned". Plaintiff herein, and other absent Plaintiffs, have been denied payment of rightful overtime wages for varying amounts of time in excess of 13 days from the time the overtime pay was earned.

14.   The Illinois Wage Payment and Collection Act, Section 5, provides that "[E]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. Plaintiff herein have been denied payment of their rightful overtime wages for varying amounts of time in excess of the next scheduled pay day after their separation.

15.   Defendants' acts as complained of herein and described above, namely the continuing refusal and failure to pay the earned overtime wages to Plaintiff and the Plaintiff class, constitutes a violation of the Illinois Wage Payment and Collection Act.

**WHEREFORE,** the named Plaintiff requests this Court to enter an Order:

(a)   declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Wage Payment and Collection Act;

(b)   awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c)   this Court retain jurisdiction of the case until such time as it is assured that Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

Plaintiff further requests that:

(d)   this Court order Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) is Court award whatever additional relief it deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 8/18/2008*
s/ John W. Billhorn

_____
John W. Billhorn, one of the attorneys for Plaintiffs, and all other Plaintiffs similarly situated, known or unknown.

John W. Billhorn
BILLHORN LAW FIRM
515 N. State Street / Suite 2200
Chicago, IL 60610
(312) 464-1450


Vincent H. Beckman, III
FARMWORKER ADVOCACY PROJECT
100 West Monroe / Suite 1800
Chicago, IL 60603
(312) 784-3522

**𝓑ILLHORN 𝓛AW 𝓕IRM**

---------------------
515 N. State Street / Suite 2200
Chicago, IL 60610
Tele: (312) 464-1450
Fax: (312) 464-1459

## CONSENTIMIENTO PARA SER PARTE DE LA DEMANDA

Entrando en este acuerdo el dia __4__ de __Abril__ del 2008, entre **SANTIAGO MARQUEZ** (Cliente) y John W. Billhorn, (Abogado), Por medio de la presente autorizo y comprometo a Billhorn Law Firm de proseguir los sueldos atrazados y otros derechos en contra de **A.K.J. LANDSCAPING, INC.** Yo el abajo firmante, **SANTIAGO MARQUEZ**, Por medio de la presente doy mi consentimiento para ser parte de la demanda.

_SANTIAGO MARQUEZ_
FIRMA DEL CLIENTE

## CONSENT TO BE PARTY PLAINTIFF

This agreement, entered into on this __4__ day of __April__, 2008 between **SANTIAGO MARQUEZ** (Client) and John W. Billhorn, (Attorney), hereby authorizes and engages the Billhorn Law Firm to pursue back wages and other relief against **A.K.J. LANDSCAPING, INC.**, and by his signature below, **SANTIAGO MARQUEZ**, hereby consents to be a party Plaintiff in said law suit.

_SANTIAGO MARQUEZ_
CLIENT'S SIGNATURE

1